**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| COREY DAWSON,<br>　　　　　Appellant, | DOCKET NUMBER<br>SF-1221-20-0222-W-1 |
| 　　v. | |
| DEPARTMENT OF THE AIR FORCE,<br>　　　　　Agency. | DATE: July 25, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Cameron Ames, Joint Base Lewis-McChord, Washington, for the appellant.

Benjamin Signer, Esquire, Joint Base Andrews, Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his Individual Right of Action (IRA) appeal alleging whistleblower retaliation. On review, the appellant argues that two additional witnesses have come forth to support his claims of retaliation. Petition

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

for Review (PFR) File, Tab 5 at 3-6. The appellant does not address the issue of jurisdiction on review. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to properly characterize the appellant's claims in front of the Board, we AFFIRM the initial decision.

## BACKGROUND

The appellant worked as an Aircraft Engine Mechanic, WG-10, in the agency's Air Mobility Command at McChord Air Force Base in Pierce, Washington. Initial Appeal File (IAF), Tab 7 at 17. On October 16, 2017, the appellant filed a grievance through his union alleging hostile work environment and harassment against his first-line supervisor. IAF, Tab 8 at 48-52. The appellant's grievance was resolved at the Step 1 level on or about November 14, 2017. *Id*. at 58-59. Over a year later, the agency posted a vacancy announcement for an Equipment Specialist (Aircraft Propulsion), GS-11. *Id*. at 38-46. The appellant applied for the position but was not selected. IAF, Tab 9 at 4, Tab 10 at 4-5.

On July 26, 2019, the appellant filed a complaint with the Office of Special Counsel (OSC), alleging that the agency did not select him for the Equipment Specialist position in retaliation for filing a grievance alleging a hostile work environment. IAF, Tab 5 at 10. On November 15, 2019, OSC notified the appellant that he had a right to file an IRA appeal with the Board. *Id*. at 10, 12. In the letter, OSC stated that the appellant alleged that the agency "took adverse actions against [him] because of [his] protected activities," i.e., that the agency did not select him for the Equipment Specialist position because he filed a grievance "in or around January 2019."[2] *Id*. at 10. However, in his appeal with the Board, the appellant claimed he was retaliated against for filing a grievance in October 2017.[3] *Id*. at 8. The appellant did not provide a copy of his OSC complaint at any point below or on review.

On January 21, 2020, the appellant filed an IRA appeal with the Board, alleging that the agency failed to select him for the Equipment Specialist position in retaliation for filing a grievance in October 2017. IAF, Tab 1, Tab 5 at 8. The administrative judge issued a Jurisdictional Order setting forth the necessary standards to establish Board jurisdiction. IAF, Tab 3. After the appellant responded to the order, the administrative judge issued an initial decision dismissing the appellant's appeal for lack of jurisdiction, finding that the appellant failed to make a nonfrivolous allegation that he made a protected disclosure and/or engaged in protected activity, and that he failed to nonfrivolously allege that he had exhausted his administrative remedies with regards to the October 2017 grievance. IAF, Tab 11, Initial Decision (ID).

---

[2] In its letter, OSC references an email it sent to the appellant regarding his complaint. IAF, Tab 10 at 8. The appellant did not provide a copy of OSC's email.

[3] The appellant stated that he was retaliated against for filing a grievance in November 2017; however, a copy of the grievance establishes that the grievance was filed in October 2017, and resolved in November 2017. IAF, Tab 5 at 8, Tab 8 at 48-52, 58-59.

**DISCUSSION OF ARGUMENTS ON REVIEW**

The appellant exhausted his administrative remedies for the October 2017 grievance.

The Board, in *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 10-11, clarified the substantive requirements of exhaustion. The requirements are met when an appellant has provided OSC with a sufficient basis to pursue an investigation. The Board's jurisdiction is limited to those issues that were previously raised with OSC. However, appellants may give a more detailed account of their whistleblowing activities before the Board than they did to OSC. *Id*. Appellants may demonstrate exhaustion through their initial OSC complaint; evidence that they amended the original complaint, including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations; and their written responses to OSC referencing the amended allegations. *Id*. Here, the administrative judge determined that the appellant failed to exhaust his administrative remedies regarding the October 2017 grievance because OSC stated that the appellant alleged that he was retaliated against for a grievance filed "in or around January 2019." ID at 6-7. However, we find that the appellant did in fact exhaust with OSC his allegation that he filed an October 2017 grievance. OSC stated that the appellant alleged in his complaint that he was retaliated against for filing a grievance regarding a hostile work environment. IAF, Tab 5 at 10. It is undisputed that the appellant filed a grievance in October 2017 alleging a hostile work environment. IAF, Tab 8 at 48-52. Further, in his response to the jurisdiction order, the appellant alleged that he was retaliated against for filing the October 2017 grievance. IAF, Tab 5 at 8. There is no evidence in the record that the appellant filed any grievance other than the October 2017 grievance. Under the circumstances, we find that the appellant did exhaust his administrative remedies by asserting to OSC that he was retaliated against for filing a grievance alleging hostile work environment in October 2017, and we modify the initial decision accordingly.

<u>The appellant did not allege that he made a protected disclosure pursuant to 5 U.S.C. § 2302(b)(8).</u>

In the initial decision, the administrative judge analyzed whether the appellant made a nonfrivolous allegation that he made a protected disclosure that was a contributing factor in his nonselection. ID at 5-6. We find this analysis to be unnecessary, as the appellant has only alleged that he engaged in a protected activity under 5 U.S.C. § 2302(b)(9), i.e., filing a grievance. IAF, Tab 5 at 8, 10. Thus, we find the administrative judge's protected disclosure analysis unnecessary and we modify the initial decision accordingly.

<u>The administrative judge correctly determined that the appellant failed to nonfrivolously allege that he engaged in a protected activity.</u>

We agree with the administrative judge's determination that the appellant failed to nonfrivolously allege that his grievance was a protected activity. ID at 6-8. The Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes a nonfrivolous allegation that: (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity described under 5 U.S.C. § 2302(b)(9); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action. *Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 12 (2016). Reprisal for exercising a grievance right, such as exercised by the appellant in this appeal, is a prohibited personnel practice under 5 U.S.C. § 2302(b)(9), not 5 U.S.C. § 2302(b)(8). *Compare* 5 U.S.C. § 2302(b)(9)(A), *with* 5 U.S.C. § 2302(b)(8); *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 6. The Board only has jurisdiction over claims of reprisal for a grievance arising under 5 U.S.C. § 2302(b)(9)(A)(i), which prohibits retaliation for exercising any appeal, complaint, or grievance right relating to whistleblowing, i.e., retaliation for seeking to remedy a violation of 5 U.S.C. § 2302(b)(8). *Young v. Merit Systems Protection Board*, 961 F.3d 1323, 1329 (Fed. Cir. 2020); *see Mudd*, 120 M.S.P.R. 365, ¶ 7 (explaining that

the Board does not have jurisdiction over the appellant's claims of retaliation for a grievance that did not concern remedying a violation of 5 U.S.C. § 2302(b)(8)).

The appellant did not allege retaliation for any protected disclosures in his October 2017 grievance, and thus the grievance did not seek to remedy a violation of 5 U.S.C. § 2302(b)(8). IAF, Tab 8 at 48-52. Therefore, the October 2017 grievance is not a protected activity, and the Board does not have jurisdiction over the appellant's claim of retaliation. Thus, the appellant has not established that his grievance was a protected activity, nor has he established that his grievance constituted a protected disclosure. Accordingly, we agree with the administrative judge's determination to dismiss the appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.